# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 2:13-cv-00042-MR-DLH

CHRISTOPHER G. HALL, )
)
        Plaintiff, )
)
vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
WALTER R. HILLEN, )
)
        Defendant. )
_____ )

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand. [Doc. 5]. The Defendant Walter R. Hillen opposes the Plaintiff's Motion. [Doc. 6].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 2013, the Plaintiff filed this action in the Macon County General Court of Justice, Superior Court Division, against Defendant Walter R. Hillen, asserting claims for personal injury, pain and suffering, and lost wages arising from a motor vehicle accident which occurred in Franklin, Macon County, North Carolina. [Complaint, Doc. 5-6].

The Complaint was properly served on the Defendant on August 5, 2013. [Doc. 5-17]. On August 21, 2013, the Defendant filed a motion seeking an extension of time to file an answer, which the state court granted, thereby extending the Defendant's deadline for responding to October 4, 2013. [Doc. 5-7]. On September 4, 2013, the Plaintiff served the Defendant with Interrogatories and a Request for Production. [Doc. 5-8]. The Defendant sought an extension of time to answer such discovery requests, which was granted. [Doc. 5-9].

On October 1, 2013, counsel for the Defendant emailed Plaintiff's counsel to inquire as to the amount of damages being sought. While awaiting the Plaintiff's response, on October 7, 2013, the Defendant served an Answer [Doc. 5-10], along with an Offer of Judgment [Doc. 5-11], and Interrogatories and a Request for Production on the Plaintiff [Doc. 5-12]. The Macon County Superior Court issued a Notice of Tentative Trial Schedule on October 16, 2013 [Doc. 5-13], and a Designation of Mediator was filed in the case on October 30, 2013 [Doc. 5-14].

On November 4, 2013, Defendant served Answers to Plaintiff's Interrogatories and Request for Production. [Doc. 5-16]. On that same day, Plaintiff's counsel responded to Defendant's counsel inquiry of October 1, 2013 with a settlement demand of $175,000.00. [Doc. 5-15].

Thereafter, on November 13, 2013, Defendant filed a Petition for Removal to the United States District Court for the Western District of North Carolina, based on the existence of diversity jurisdiction.[1] [Doc. 1].

## II. DISCUSSION

A defendant may remove a civil action from state court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of civil actions between citizens of different states, where the amount in controversy exceeds $75,000 and there exists complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332. Since removal jurisdiction is not favored, the Court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction," "resolv[ing] all doubts in favor of remand." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Id.

---

[1] The Complaint alleges that the Plaintiff is a citizen and resident of North Carolina, and that the Defendant is a citizen and resident of Mississippi. [Doc. 1-2].

## A. Thirty Day Provision For Removal

The Court first addresses the issue regarding the timing of the filing of the removal by the Defendant in this action. Generally, a notice of removal of a civil action must be filed within thirty days of receipt by the defendant of the initial pleading. See 28 U.S.C. § 1446(b)(2). If, however, the grounds for removal are not ascertainable from the initial pleading, the defendant has thirty days from "receipt . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," as long as no more than one year has passed from the date of the initial pleading in a diversity case. 28 U.S.C. §§ 1446(b)(3), (c).

The Court is not required to investigate the defendant's subjective knowledge regarding the discovery of grounds for removal, as such a determination "could degenerate into a mini-trial regarding who knew what and when." Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Instead, the Court "can rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when defendant had notice of grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or other subsequent paper." Id.

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009). In North Carolina, however, "a plaintiff can plead for judgment in excess of a certain dollar amount, . . . making it difficult to determine the exact amount in controversy" from the initial pleading. Id. Such is the case here where the Plaintiff, in accord with the ordinary practice in North Carolina state courts, merely alleges that his damages are in excess of $10,000.00. Id.

The Plaintiff asserts that the Defendant had knowledge of the fact that the amount in controversy exceeded $75,000.00 prior to the litigation even being filed. In so arguing, the Plaintiff relies on the numerous communications, including Plaintiff's policy limit demand, which occurred between Plaintiff's counsel and Defendant's insurance adjuster prior to defense counsel becoming involved in April 2013. Such pre-litigation conduct, however, has been deemed not to be an "other paper" providing notice within the meaning of 28 U.S.C. § 1446(b). See Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992); see also Saberton v. Sears Roebuck and Co., 392 F. Supp. 2d 1358 (M.D. Fla. 2005); see also Jade East Towers Developers v. Nationwide Mut. Ins. Co., 936 F. Supp. 890 (N.D. Fla. 1996). To hold otherwise would be to engage in the

unnecessary analysis regarding the Defendant's subjective knowledge that the Fourth Circuit has explicitly discouraged. See Lovern, 121 F.3d at 162.

The Plaintiff's Complaint, in accordance with North Carolina pleading standards, simply states that "Plaintiff has sustained personal injuries and damages, in a sum in excess of Ten Thousand and 00/100 Dollars ($10,000.00)." [Doc. 1-2]. Plaintiff's pre-litigation demand letter was not referenced in any way in his Complaint to the Defendant or in any subsequent papers. [Doc. 1-2]. Indeed, it was not until November 4, 2013 when the Plaintiff provided a statement of monetary relief sought indicating an amount greater than $75,000.00, that the Defendant had sufficient record information to ascertain that the case was removable to this Court. Such a response to a request for a statement of monetary relief qualifies as an "other paper." See Lee Elec. Constr., Inc. v. Eagle Elec., LLC, No. 1:03CV00065, 2003 WL 21369256, at *3 (M.D.N.C. June 10, 2003). The Defendant's Notice of Removal, which was filed only nine days after this notice, was therefore timely.

### B. Waiver by Intent to Remain in State Court

The Court next addresses the Plaintiff's contention that the Defendant's advancement of this action in state court amounts to a waiver of his right to remove the action to federal court.

A defendant can waive his right to removal "by demonstrating a 'clear and unequivocal' intent to remain in state court." Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991) (quoting Rothner v. City of Chicago, 879 F.2d 1402, 1415 (7th Cir. 1989)). The Court must use a "factual and objective inquiry" to determine the defendant's intent. Id., Grubb, 935 F.2d at 59 (quoting Rothner, 879 F.2d at 1408). To preserve the "values of judicial economy, fairness, convenience, and comity," district courts retain the authority to remand in "extreme situations." Grubb, 935 F.2d at 59.

Such "extreme situations" have been found to exist where a defendant has taken "substantial defensive action in the state court" prior to removal. Aqualon Co. v. Mac. Equip., 149 F.3d 262, 264 (4th Cir. 1998). The filing of a voluntary counterclaim or cross claim has been found to constitute substantial defensive action. See Sood v. Advanced Computer Techniques Corp., 308 F. Supp. 239 (E.D. Va. 1969); see also Baldwin v. Perdue, Inc., 451 F. Supp. 373 (E.D. Va. 1978). Further, where a defendant had allowed the litigation to have "already substantially progressed" in state court with substantial discovery, a scheduled trial, and motion practice, over a period of almost three years was found to constitute waiver, indicating that removal would have significant interference upon the

7

case.  See Korzinski v. Jackson, 326 F. Supp. 2d. 704 (E.D.N.C. 2004). Waiver was not found, however, in a case in which the defendant took part in a summary judgment hearing after the case became removable by the dismissal of a non-diverse party.  See Grubb, 935 F.2d at 57.

At the outset, the Court notes that this action was in the early stages of litigation in state court when it was removed to this Court.  While the Defendant had answered the Complaint, his Answer asserted no counterclaims or cross claims.  [Doc. 1-2 at 8-11].  Thus, this case is distinguishable from those cases in which waiver was found based on the assertion of voluntary counterclaims or cross claims.  See Sood, 308 F. Supp. at 239; see also Baldwin, 451 F. Supp. at 373.

At the time of his Answer, the Defendant promptly requested a statement of monetary relief from the Plaintiff pursuant to N.C. R. Civ. P. Rule 8(a)(2).  When the Defendant was informed that the amount in controversy exceeded $75,000.00 on November 4, 2013, he acted promptly within nine days to remove this action.  Although the Defendant's Offer for Judgment could arguably be viewed as indicating intent to resolve the case in state court since it stipulated to the state court exercising its jurisdiction, such Offer was served on October 7, 2013 for $20,001.00, an amount substantially lower than the necessary amount in controversy for a

federal case based upon diversity jurisdiction. See 28 U.S.C. § 1332. Further, the Offer for Judgment was served well before the Defendant was advised that the amount in controversy was in fact in excess of $75,000.00. Because the Defendant had no knowledge that removal was even possible when he took these actions, the Court concludes that such conduct does not demonstrate a clear and unequivocal intent to remain in state court.

In the four months between the filing of the Complaint and the removal of the action, the Defendant had answered the Complaint; the parties had both engaged in discovery; the parties had communicated regarding the damages being sought; the Defendant had served an Offer of Judgment; the parties had a tentative trial schedule and had agreed upon a Designation of Mediator. None of these actions, however, constitute "substantial defensive action" indicative of a "'clear and unequivocal' intent to remain in state court"; rather, these were expected procedural steps which were taken prior to the revelation of the knowledge of possible grounds of removal. Aqualon, 149 F.3d at 264; Grubb, 935 F.2d at 59. Further, the Macon County Superior Court had not yet made any dispositive rulings in this case. Since the Defendant acted quickly to remove this case after he was informed of the amount in controversy and since the case was still in its early stages of litigation without any

"substantial defensive action[s]" filed by the Defendant, the Court concludes that the Defendant did not waive his right to remove this action.

## III. CONCLUSION

Upon careful consideration of the arguments of both parties in this case, the Court concludes that the Defendant removed this case in a timely manner well within the thirty-day allowance period from when the Defendant first received notice of the grounds of removal for this case. Further, the Court concludes that the Defendant did not demonstrate clear and unequivocal intent to remain in state court, and thus did not waive his right to removal. For these reasons, the Court concludes that this case has been properly removed, with federal jurisdiction existing. Accordingly, the Plaintiff's Motion to Remand is denied.

## O R D E R

**IT IS, THEREFORE ORDERED** that the Plaintiff's Motion to Remand [Doc. 5] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 4, 2014

Martin Reidinger
United States District Judge